IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. O'BRIEN, | No. 2:14-cv-0702-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| FRED FOULK, et al. | |
| Defendants. | |
| _____ / | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before court is plaintiff's motion for preliminary injunction and temporary restraining orders (Docs. 10, 15).

   In his motions, plaintiff requests the court issue an order to the current warden at High Dessert State Prison requiring plaintiff be served a nutritionally adequate diet pursuant to California Code of Regulations, Title 15, Section 3050(a), in adherence of Recommended Dietary Allowances (RDA) and Dietary Reference Intakes (DRI) established by the Food and Nutrition Board of the Institute of Medicine, National Academy of Science.

   The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the

moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

On March 18, 2015, the court received plaintiff's notice of change of address. Plaintiff is no longer being housed at High Dessert State Prison, and is currently located at Folsom State Prison.  Where a prisoner is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).  Here, there is no indication that plaintiff expects to be transferred back to High Dessert.  As such, his requests for temporary restraining order for an adequate diet served at High Dessert State Prison must be denied as he is no longer house at that institution.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for preliminary inunction and temporary restraining orders (Docs. 10, 15) are denied.

DATED: September 28, 2015

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE