IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. O'BRIEN, | No. 2:14-cv-0702-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| FRED FOULK, et al. | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 7) motions for temporary restraining order (Docs. 10, 15) and motions to appoint counsel (Docs. 11, 14)

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a " short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means

1

that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's claims are somewhat vague.  Plaintiff alleges he is a diabetic inmate, and the diet he receives is inadequate as he needs more fresh fruit and vegetables.  The complaint alleges that during his inmate appeals process, Dr. Abdur-Rahman informed him that "High Desert State Prison's medical department has no control over the food served"; Dr. Lee "failed to launch a thorough inquiry into the prison's food services department to ensure plaintiff is being provided a wholesome nutritionally balanced diet," but rather merely "concluded that more fruits and vegetables is not medially indicated at this time." (Amend. Compl., Doc. 7, at 4).  He further alleges Dr. Swingle "circumvented dietary issues" in the inmate grievance response, and "no reference was ever made of complete HDSP food service records accurate within sanctioned CDCR daily vitamin and mineral intake requirements."  (Id.).

A review of the documents attached to the amended complaint indicate that plaintiff alleged in his inmate grievance that he has Type II Diabetes, control of which has declined since 2012.  He requested more fresh fruits and vegetable in order to remain a non-insulin dependent diabetic.  At the first level response, Dr. Lee found that Dr. Abdur-Rahman conducted an evaluation of plaintiff's medical condition and noted that having more fresh fruits and vegetables is not medically indicated.  At the second level, Dr. Swingle determined that "HDSP offers a heart healthy, 2700-2900 calorie, 30% fat, 4 gm sodium diet.  The CDCR menu

purposefully contains an average of 300-400 calories per day more [than] required by the average person.  This calorie buffer allows inmates to choose not to eat certain foods without compromising nutritional health.  Diabetic inmates are expected to select foods from meals offered to conform to diabetic dietary restrictions." (Amend. Compl., Doc. 7, at 17).  At the third level, it was determined that plaintiff's "diabetes is assess as at goal (controlled) at this time" and that "PCP did not document medical indication for a specialized diet."  (Id. at 18).

Plaintiff is requesting food that meets the nutritional recommendations set forth in the California Department of Corrections and Rehabilitation food service handbook in addition to damages.

Plaintiff names five defendants in his complaint: Fred Foulk, Warden; Dorothy Swingle, Chief Medical Executive; Bonnie Lee, Chief Physician; Salahuddin Abdur-Rahman, M.D.; and Edward Bertrand, Food Manager I.  He alleges the Warden is responsible for the welfare of all the inmates at High Desert State Prison (HDSP); the doctors are all responsible for providing adequate medical treatment and care for all the inmates at HDSP; and the Food Manager is responsible for providing a wholesome nutritionally balanced diet for all the inmates at HDSP.

## II. DISCUSSION

Based on the above facts, as set forth in the complaint, the court is unsure at this time what claims plaintiff is attempting to state.  As most of the defendants named are medical doctors, it would appear that plaintiff may be claiming deliberate indifference to a serious medical condition in violation of his Eighth Amendment rights.  However, as discussed below, the amended complaint fails to allege sufficient facts to make out such a claim.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of

dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

      Neither a defendant's negligence nor a plaintiff's general disagreement with the treatment he received suffices to establish deliberate indifference. Estelle, 429 U.S. at 106; Jackson v. McIntosh, 90 F.3d 330, 331 (9th Cir.1996); Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988). Evidence that medical caregivers disagreed as to the need to pursue one course of treatment over another is also insufficient, by itself, to establish deliberate indifference. Jackson, 90 F.3d at 332. Rather, the plaintiff must show that the course chosen by the defendants was medically unacceptable under the circumstances. Jackson, 90 F.3d at 332.

      Here, plaintiff alleges he is diabetic and is receiving an inadequate diet to meet his needs. However, the facts as alleged fail to rise to the level of an Eighth Amendment violation. Specifically, it is unclear what type of diet plaintiff is actually receiving, and he fails to specify how it is inadequate to meet his needs. It appears from the facts alleged and the documents attached to the amended complaint that while plaintiff has diabetes, the disease is well controlled with minimal medical intervention. While the failure to provide an adequate diet for diabetics may be a violation of the Eight Amendment in certain circumstances, it is unclear how the food plaintiff is receiving fails to meet his medical needs. For instance, it is possible that plaintiff has been prescribed a special diet that the Food Manager is refusing to provide. It is also possible that plaintiff is attempting to allege that his condition requires a prescription for a special diet that his treating physician is refusing to prescribe, and that he cannot receive the special diet with out such a prescription. It is also possible that plaintiff is alleging that the food actually being served fails to meet the standards set forth in the prison policy (such as the policy states that the food to be served amounts to 2700-2900 calories daily, but the meals being served only amount

to say 1500 calories).  The complaint fails to allege sufficient facts for the court to determine what plaintiff's medical condition requires, how those needs are not being met, and how the defendants are being deliberately indifferent to his needs.  Simply alleging that he wants more fruits and vegetables is insufficient.

In addition, plaintiff fails to allege adequate involvement of the defendants in the denial of his special diet, most of whom are supervisory personnel.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation

of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S.Ct. at 1948.

Here, there is no allegation that there is a deficient policy set forth by the defendants. The only allegation is that plaintiff is not receiving the diet he requires. If there is some policy at issue, plaintiff will be required to specifically allege what the policy is and how it is deficient. Whether or not there is a deficient policy, plaintiff must make it clear how each of the defendants are involved in the decision to deny him an adequate diet. It appears that the only involvement many of the defendants have to plaintiff's claim is their review of his inmate grievance, which plaintiff has attached to his complaint.

Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address

grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).  Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

There is no indication that plaintiff's First Amendment rights have been violated by interference with the grievance process.  Rather, it appears that several of the defendants are named in the complaint solely for denying plaintiff's inmate grievance.  Such a claim is inadequate.

Overall, the court finds that it is possible to set forth a claim for deliberate indifference to a serious medical condition for denial of a sufficient diabetic diet.  However, plaintiff fails to allege sufficient facts to state such a claim.  As stated above, it is unclear if plaintiff has been prescribed a special diet for his diabetes which he is being denied, or he is claiming that he requires such a prescription and is being denied.  Plaintiff also fails to set forth sufficient facts alleging the involvement in his claims against each of the named defendants.  However, all of these defects are curable, and plaintiff will be provided an opportunity to file a second amended complaint to cure the defects.

### III.  MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also seeks the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  Plaintiff has demonstrated sufficient writing ability and legal knowledge to articulate his claim.  While the court finds his claim too vague as currently plead in his complaint, it appears the deficiencies are not due to his inability to articulate his claim, but rather stem from the lack of facts set forth in the complaint.  His claims appear to relate to the medical treatment he is receiving in prison, an area of the law that is fairly well-settled and not overly complex, at least as related to the facts as alleged in this case.  At this early stage of the proceedings, the court cannot say that plaintiff is likely to prevail in the lawsuit.  In addition, the only grounds raised in plaintiff's motion as the basis for appointing counsel stem from his incarceration and difficulties he will have with accessing the law library and his limited knowledge of the law.  These difficulties are the same difficulties all inmates face and are not exceptional circumstances.  Especially where, as here, plaintiff appears able to articulate his thoughts and claims.

### IV.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;

2. Plaintiff shall file an amended complaint within 30 days of the date of service of this order; and

3. Plaintiff's motions for the appointment of counsel (Docs. 11, 14) are denied.

DATED: September 28, 2015

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE