IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. O'BRIEN, | No. 2:14-cv-0702-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| FRED FOULK, et al. | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.   Pending before the court is plaintiff's motion for reconsideration (Doc. 27), motion for a temporary restraining order (Doc. 28), and motion to appoint counsel (Doc. 29).

On April 20, 2016, the court issued an order for plaintiff to show cause why defendants Swingle, Lee and Abdur-Rahman should not be dismissed from this action for failure to state a claim.  Plaintiff's motion for reconsideration is his response thereto.  As the court explained in prior orders, prisoners have no stand-alone due process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

1

1   Plaintiff fails to provide any additional facts to show that the doctors had any involvement in his
2   dietary care beyond reviewing his inmate grievance.  While plaintiff alleges Dr. Abdur-Rahman
3   failed to address the issue of whether the food served was in compliance with prison guidelines,
4   the undersigned does not find such allegations sufficient to rise to the level of personal
5   involvement required under 42 U.S.C. § 1983.  Accordingly, these three individuals will be
6   dismissed from this action as set forth in the court's prior orders, but will continue as to the
7   remaining two defendants.
8              As to plaintiff's motion for temporary restraining order, this is plaintiff's second
9   attempt to have the court issue an order against individuals other than the defendants to this
10  action.  As the court already informed plaintiff, where a prisoner is seeking injunctive relief with
11  respect to conditions of confinement, the prisoner's transfer to another prison renders the request
12  for injunctive relief moot, unless there is some evidence of an expectation of being transferred
13  back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517,
14  519 (9th Cir. 1991) (per curiam).  In addition, this court is unable to issue an order against
15  individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine
16  Research, Inc., 395 U.S. 100, 112 (1969).  This action is against officials at High Desert State
17  Prison.  Plaintiff is requesting the court issue an order directing the action of officials at Folsom
18  State Prison.  Such a request must be denied as beyond the scope of this action.  In addition,
19  plaintiff has now been transferred to San Quinton State Prison, and there is no indication that
20  plaintiff will be transferred back to High Desert State Prison in the near future.  Plaintiff's
21  request for preliminary injunction must be denied.
22             Finally, plaintiff has again filed a request for the appointment of counsel.  As
23  plaintiff has been informed, the United States Supreme Court has ruled that district courts lack
24  authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v.
25  United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the
26  court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See

Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

Here, plaintiff requests the appointment of counsel based solely on his inability to afford counsel, his limited legal knowledge, and the general difficulties of being a pro se prison litigant.  There is nothing in his motion to change the determination the court previously made that plaintiff does not meet the required exceptional circumstances.  As the court previously determined, plaintiff appears capable of articulating his claim, the facts of the case are not exceptionally complex, and it is not clear at this stage of the proceedings that plaintiff is likely to prevail in this action.  Thus, his request will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (Doc. 27) is construed as his response to the order to show cause and shall be denied as such;

2. Defendants Swingle, Lee and Abdur-Rahman are dismissed from this action;

3. Plaintiff's motion for preliminary injunction (Doc. 28) is denied; and

4. Plaintiff's motion to appoint counsel (Doc. 29) is denied.

DATED:  December 15, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE